IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| IN RE: | § | CHAPTER 11 |
|---|---|---|
| NEW LOUISIANA HOLDINGS, LLC, *et al* | § | CASE NO. 14-50756 |
| DEBTORS. | § | |
| IN RE: | § | CHAPTER 11 |
| CHG LEGACY GROUP, LLC | § | CASE NO. 16-50560 |
| DEBTOR. | § | |
| IN RE: | § | CHAPTER 11 |
| CYPRESS ADMINISTRATIVE SERVICES, LLC | § | CASE NO. 16-50561 |
| DEBTOR. | § | |

**DEBTORS' MOTION FOR AN ORDER DIRECTING
THE JOINT ADMINISTRATION OF CHAPTER 11 CASES**

New Louisiana Holdings, LLC ("NLH"), and CHG Legacy Group, LLC and Cypress Administrative Services, LLC (collectively, the "Cypress Debtors" and, together with NLH the "Debtors"), as debtors and debtors-in-possession, file this motion (the "Motion"), for the entry of an order pursuant to 11 U.S.C. § 105(a) and Rules 1015(b) of the Federal Rules Bankruptcy Procedure (the "Bankruptcy Rules") directing the joint administration of their respective Chapter 11 cases. In support, the Debtors state as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. INTRODUCTION

2. Commencing on June 25, 2014 (the "Petition Date"), and periodically thereafter, NLH and certain affiliated entities filed voluntary petitions for relief under chapter 11 of title of the United States Code (the "Bankruptcy Code").

3. Pursuant to orders entered on July 21, 2014, August 12, 2014, September 9, 2014, November 7, 2014 and June 3, 2015, NLH's chapter 11 case is being jointly administered for procedural purposes with the chapter 11 cases of certain affiliated entities under Case No. 14-50756 (the "Main Case").

4. On April 25, 2016, the Cypress Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties, affairs and assets as debtors-in-possession.

## III. BACKGROUND

6. CHG Legacy Group, LLC f/k/a Cypress Health Group, LLC ("CHG") is a Delaware limited liability company and the parent entity and majority interest holder in the following entities: SA-PG Operator Holdings, LLC (the "Palm Garden Parent"); SA-GA Operator Holdings, LLC (the "Georgia Parent"); CHC-CLP Operator Holding, LLC (the "Palm Terrace Parent"); and SA-ENC Operator Holdings, LLC (the "Encore Parent"). Each of the Palm Garden Parent, the Georgia Parent, the Palm Terrace Parent and the Encore Parent, are debtors in the chapter 11 cases being jointly administered under Case No. 14-50756.

7. Starting in 2011, CHG provided certain services to the Palm Garden Parent and its subsidiaries (collectively, the "Palm Garden Debtors"), the Georgia Parent and its subsidiaries (collectively, the "Georgia Debtors"), the Palm Terrace Parent and its subsidiaries (collectively, the "Palm Terrace Debtors"), and the Encore Parent and its subsidiaries (collectively, the "Encore Debtors"). In addition, CHG provided services to New Louisiana Holdings, LLC and its subsidiaries and affiliates (collectively, the "NLH Debtors"). The aforementioned services included the oversight and support of a senior management team as well as administrative and back office support functions, such as accounting, payroll, human resources, tax, information technology and group insurance services.

8. Beginning in late 2013, as many of CHG's facilities had been or were in the process of being transferred to new operators. CHG terminated substantially all of its employees and sub-contracted with Gulf Coast Health Care, LLC ("GCHC") to provide many of the services that CHG had previously supplied to the Palm Garden Debtors, the Palm Terrace Debtors, the Georgia Debtors, the Encore Debtors and the NLH Debtors. Health Care Navigator, LLC ("HCN") agreed to provide certain other services to CHG and its remaining facilities, including accounting, treasury and information technology services. HCN also agreed to provide a broad range of support to manage the bankruptcy process for all the Debtors. CHG currently has no employees.

9. Cypress Administrative Services, LLC ("CAS") is a Delaware limited liability company that was previously engaged in the business of providing administrative and back office support services to the NLH Debtors and was a predecessor to CHG. The membership interests in CAS are owned by Cypress Health Care Holdings, LLC (90%), which is a debtor in

**DEBTORS' MOTION FOR AN ORDER DIRECTING THE**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES** PAGE 3

84364v.1

16-50560 - #7  File 04/25/16  Enter 04/25/16 16:03:03  Main Document  Pg 3 of 7

the chapter 11 cases being jointly administered under Case No. 14-50756, and DESC National Trust (10%). CAS currently has no employees. Substantially all of CAS's activities were taken over by CHG effective January 1, 2011, at which time most employees of CAS became employees of CHG.

## IV. RELIEF REQUESTED

10. By this Motion, the Debtors request the joint administration of their Chapter 11 cases for procedural purposes only, pursuant to 11 U.S.C. § 105(a) and Rule 1015(b) of the Bankruptcy Rules.

11. Section 105 provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 1015(b)(4) provides that:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Each of the Debtors is an "affiliate," as that term is defined in Section 101(2) of the Bankruptcy Code, of other debtors whose cases are currently being jointly administered in the Main Case.

12. In addition, the issues that will be addressed in these bankruptcy cases will, to some extent, be related and overlapping. Joint administration of these cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, and will therefore save considerable time and expense for the Debtors, their estates and their investors and creditors.

13. Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditor will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal

entities and will continue to maintain separate books and records. Moreover, each creditor may file its claim against a particular estate. Each of the Debtors will file separate Schedules of Assets and Liabilities and Statements of Financial Affairs.

14. The rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The court also will be relieved of the burden of scheduling duplicable hearings, entering duplicative orders and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.

15. Joint administration of the above-captioned cases is in the Debtors' best interests, as well as those of their respective estates, creditors, and other parties in interest.

16. The Debtors propose that the following activities be joined for administrative purposes only:

> (a) one disclosure statement and plan of reorganization may be (but is not required to be) filed for the Debtors' cases by any plan proponent;
>
> (b) hearings in these jointly administered cases shall be joint hearings unless otherwise specified;
>
> (c) one consolidated docket shall be kept by the Clerk, although separate claims registers will be maintained for each of the Debtors' cases.

17. The Debtors request that the cases of the Cypress Debtors be jointly administered with those under *In re New Louisiana Holdings, LLC, et al.*, Case No. 14-50756 (Jointly Administered).

18. The Debtors also seek the Court's direction that a notation be entered on the docket on each of the Debtors' cases to reflect the joint administration of these cases.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion, direct the joint administration of their respective Chapter 11 cases, and grant such other and further relief as is just and proper.

Dated: April 25, 2016.

Respectfully submitted,

**NELIGAN FOLEY LLP**

By: */s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
Texas State Bar No. 14866000
pneligan@neliganlaw.com
James P. Muenker
Texas State Bar No. 24002659
jmuenker@neliganlaw.com
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5300
Facsimile: 214-840-5301

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ Jan M. Hayden*
Jan M. Hayden (#06672)
Erin E. Pelleteri (30666)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
jhayden@bakerdonelson.com
epelleteri@bakerdonelson.com

**COUNSEL FOR NEW LOUISIANA HOLDINGS, LLC AND PROPOSED COUNSEL FOR THE CYPRESS DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2016, a true and correct copy of the foregoing document was served on each of the parties on the attached list by U.S. First Class Mail, postage prepaid.

>*/s/ Patrick J. Neligan, Jr.*
>Patrick J. Neligan, Jr.